Plaintiff's Name RODNEY JEROME WOMACK

Prisoner No. V-72109

Institutional Address CSATF / CORCORAN PRISON

P.O. Box 7100

CORCORAN, CA 93212

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK<br>*(Enter your full name)*<br>v.<br><br>GAVIN NEWSOM (GOVENOR)<br>STATE OF CALIFORNIA<br><br><br>*(Enter the full name(s) of all defendants in this action)* | Case No. _____<br>*(Provided by the clerk upon filing)*<br><br><br>**COMPLAINT BY A PRISONER<br>UNDER THE CIVIL RIGHTS ACT,<br>42 U.S.C. § 1983** |

**I. Exhaustion of Administrative Remedies.**
*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement  SATF - CORCORAN STATE PRISON

B. Is there a grievance procedure in this institution?   YES  ☐   NO  ☐  N/A

C. If so, did you present the facts in your complaint for review through the grievance procedure?
   YES  ☐   NO  ☐   N/A

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: ____N/A_____

   _____

   _____

   2. First formal level: _____N/A_____

   _____

   _____

3. Second formal level: __N/A__

4. Third formal level: __N/A__

E. Is the last level to which you appealed the highest level of appeal available to you?
YES ☐  NO ☐  N/P

F. If you did not present your claim for review through the grievance procedure, explain why.

__MY CLAIM WERE EXHAUSTED BY WAY OF PETITION FOR WRIT OF HABEAS CORPUS, PURSUANT TO CRIMINAL CONVICTION PROCEDURES IN CALIFORNIA COURTS.__

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).

__AMENDMENTS POSSIBLE IN FUTURE__

B. For each defendant, provide full name, official position and place of employment.

__GAVIN NEWSOM, GOVENOR OF THE STATE OF CALIFORNIA, GOVENOR'S OFFICE IN CITY OF SACRAMENTO.__

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

__ON JUNE 21, 1982, ALAMEDA COUNTY SUPERIOR COURT, CITY OF OAKLAND (CASE NO. 74280), PLAINTIFF WAS SENT TO STATE PRISON FOR A TERM OF THREE YEARS. HE WAS SENT TO PRISON FOR TWO COUNTS OF ROBBERY.__

THE STATE OF CALIFORNIA DID NOT APPOINT COUNSEL TO REPRESENT PLAINTIFF IN CONNECTION WITH THESE TWO ROBBERYS. SEE PLAINTIFF'S DECLARATION (EXHIBIT # A).

ON MARCH 8, 2005, CONTRA COSTA COUNTY SUPERIOR COURT, CITY OF MARTINEZ (CASE NO. 041151-2), PLAINTIFF WAS FOUND GUILTY BY JURY TRIAL FOR ONE COUNT OF SECOND DEGREE ROBBERY. THE TRIAL COURT APPLIED THE TWO ABOVE 1982 ROBBERY PRIORS AS TWO STRIKES AGAINST PLAINTIFF. THE COURT SENTENCED PLAINTIFF TO 35 YEARS TO LIFE AS A THIRD STRIKER.

BETWEEN THE YEARS 2018 THROUGH 2020, PLAINTIFF HAS FILED PETITION FOR WRIT OF HABEAS CORPUS IN CONTRA COSTA COUNTY SUPERIOR COURT, CALIFORNIA APPELLATE COURT, CALIFORNIA SUPREME COURT, UNITED STATES DISTRICT COURT, AND NINTH CIRCUIT COURT OF APPEALS. PLAINTIFF'S WRIT OF HABEAS CORPUS ASKED THE ABOVE COURTS TO RULE ON ONE ISSUE: " WHETHER OR NOT WAS PLAINTIFF REPRESENTED BY

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

WANT JURY TO DECIDE WHETHER OR NOT DID THE STATE OF CALIFORNIA FAIL TO APPOINT PLAINTIFF COUNSEL IN CONNECTION WITH HIS TWO 1982 PRIOR ROBBERY CONVICTIONS, AND IF SO WAS THE FAILING DUE TO CALIFORNIA'S STATEWIDE PRACTICE OF SYSTEMATIC RACIAL DISCRIMINATION AGAINST BLACK MEN IN WHICH MR. WOMACK IS CURRENTLY ITS VICTIM." SEE ATTACHED APPLICATION FOR PARDON.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: JANUARY 14, 2021          Rodney Womack
                   Date                    Signature of Plaintiff

COUNSEL IN CONNECTION WITH HIS TWO 1982 PRIOR ROBBERY CONVICTIONS". ALL THE ABOVE COURT'S DENIED PLAINTIFF'S WRIT WITHOUT RULING ON ISSUE IN QUESTION. PLAINTIFF FILED A WRIT OF CERTIORARI TO THE UNITED STATES SUPREME COURT, CASE NO. 19-7962. SUPREME COURT DENIED CERTIORARI WITHOUT COMMENT ON MAY 18, 2020." IT SHOULD BE NOTED THAT PLAINTIFF PUT CALIFORNIA'S GOVENOR GAVIN NEWSOM ON NOTICE. HE MAILED NEWSOM A COMPLETE COPY OF HIS WRIT OF CERTIORARI TO THE GOVENOR'S OFFICE IN SACRAMENTO".

THE CLAIM OF THIS ACTION RESIDES ON THIS FACT," IT WAS THE STATE OF CALIFORNIA RESPONSIBILITY TO APPOINT COUNSEL TO REPRESENT PLAINTIFF IN CONNECTION WITH HIS TWO 1982 PRIOR ROBBERY CONVICTIONS. GIDEON V. WAINWRIGHT (1963) THE U.S. SUPREME COURT HELD THAT STATES ARE REQUIRED TO PROVIDE COUNSEL TO ALL INDIGENT CRIMINAL DEFENDANTS UNDER THE SIXTH AMENDMENT'S ASSISTANCE OF COUNSEL CLAUSE. IN MOST COUNTIES THIS MEANS A PUBLIC DEFENDERS OFFICE HAS BEEN ESTABLISHED FOR REPRESENTATION OF POOR PEOPLE. SEE ATTACHED CASELAW (EXHIBIT "B").

CRIMINAL LAW § 46.5 - RIGHT TO COUNSEL - RETROACTIVITY

THE RULE OF GIDEON V. WAINWRIGHT (1963) 372 US 335, 9 Led 2d 799, 63 SCt, 93 ALR 2d 733, THAT THE SIXTH AMENDMENT RIGHT TO COUNSEL IN CRIMINAL PROSECUTION IS OBLIGATORY ON THE STATES BY THE FOURTEENTH AMENDMENT. SEE ATTACHED CASELAW (EXHIBIT "C").

1. PURSUANT TO PLAINTIFF'S DECLARATION (EXHIBIT # A), IT'S
2. OBVIOUS THAT PLAINTIFF WAS AN INDIGENT CRIMINAL DEFENDANT
3. AND THAT THE STATE OF CALIFORNIA DID NOT APPOINT COUNSEL TO
4. REPRESENT PLAINTIFF IN CONNECTION WITH HIS TWO 1982 PRIOR
5. ROBBERY CONVICTIONS. THE STATE OF CALIFORNIA NON-APPOINTMENT
6. OF COUNSEL FOR PLAINTIFF IS CLEARLY IN VIOLATION OF
7. CONSTITUTIONAL LAW. (EXHIBITS # B & C).
8.     CRIMINAL LAW § 46.3 - RIGHT TO COUNSEL
9.     IT IS UNCONSTITUTIONAL TO TRY A PERSON FOR A FELONY
10. IN A STATE COURT UNLESS HE HAS A LAWYER OR HAS VALIDLY WAIVED
11. ONE. THIS RIGHT TO COUNSEL APPLY TO PREVIOUS CONVICTIONS.
12. (EXHIBIT # C), QUOTING, GIDEON V. WAINWRIGHT.
13. 
14.     IT SHOULD BE NOTED THAT PLAINTIFF MAILD A COPY OF HIS
15. WRIT OF CERTIORARI TO GAVIN NEWSOM (GOVENOR) OFFICE IN
16. THE CITY OF SACRAMENTO, IN 2020. PLAINTIFF'S CERTIORARI
17. PUT NEWSOM ON NOTICE THAT HE WAS DENIED APPOINTMENT
18. OF COUNSEL IN CONNECTION WITH HIS TWO 1982 PRIOR ROBBERY
19. CONVICTIONS.
20. 
21.     GOVENOR GARVIN NEWSOM PERSONALLY ADMITTED THAT
22. CALIFORNIA HAS PRACTICED SYSTEMATIC RACIAL DISCRIMINATION
23. AGAINST BLACK MEN. NEWSOM ADMITTED THAT BLACK MEN ARE
24. SENT TO PRISON AT A FAR GREATER RATE THAN ANYOTHER ETHINIC
25. GROUP RISIDING IN CALIFORNIA. NEWSOM ADMITTED THIS FACT BY
26. WAY OF TELEVISION INTERVIEWS, NEWS BROADCASTS, NEWS PAPER
27. ARTICLES, MAGAZINES ETC... PLAINTIFF CAN PROVIDE PLETHORIA
28. OF STATISTICS THAT SUPPORT NEWSOM'S ADMITTANCE.

GOVENOR GAVIN NEWSOM WILL BE HELD CIVILLY LIABLE ON TWO FRONTS.

A. GAVIN NEWSOM WILL BE HELD CIVILLY LIABLE DUE TO THE FACT PLAINTIFF'S WRIT OF CERTIORARI PUT NEWSOM ON NOTICE. NOTICE THAT THE STATE OF CALIFORNIA VIOLATED CONSTITUTIONAL LAW IN 1982 WHEN STATE FAILED TO APPOINT COUNSEL TO PLAINTIFF IN CONNECTION WITH HIS TWO 1982 PRIOR ROBBERY CONVICTIONS. A FAILING THAT HAS RESULTED IN PLAINTIFF BEING SENTENCED TO SPEND THE REST OF HIS LIFE IN PRISON. NEWSOM WILL BE SUED IN HIS INDIVIUAL AND PERSONAL CAPACITY.

B. GAVIN NEWSOM WILL BE HELD CIVILLY LIABLE DUE TO THE FACT PLAINTIFF'S WRIT OF CERTIORARI PUT NEWSOM ON NOTICE. NOTICE THAT THE STATE OF CALIFORNIA VIOLATED CONSTITUTIONAL LAW IN 1982 BY PRACTICING SYSTEMATIC RACIAL DISCRIMINATION AGAINST PLAINTIFF. THIS STATEWIDE PRACTICE WAS THE PRIMARY REASON WHY THE STATE FAILED TO APPOINT COUNSEL TO PLAINTIFF IN CONNECTION WITH HIS TWO 1982 PRIOR ROBBERY CONVICTIONS. THIS PRACTICE HAS RESULTED IN PLAINTIFF BEING SENTENCED TO SPEND THE REST OF HIS LIFE IN PRISON. NEWSOM WILL BE SUED IN HIS INDIVIUAL AND PERSONAL CAPACITY.



Governor Gavin Newsom · State Capitol ·Sacramento, California 95814

# APPLICATION FOR PARDON

Complete this application to request a gubernatorial (governor's) pardon. This application is for a direct pardon; do not complete this form if you have been granted a Certificate of Rehabilitation. If you have submitted a pardon application in the last three years or if you have obtained a Certificate of Rehabilitation, please complete a re-application form. The Governor's Office and/or the Board of Parole Hearings may contact you for additional information relating to your application. If the Governor grants you a pardon, some information from your application will appear in a public report about clemency submitted to the California Legislature each year. Learn more about the pardon application process at www.gov.ca.gov/clemency or mail a request for information to: **Office of the Governor, State Capitol, Attn: Legal Affairs/Clemency, Sacramento, CA 95814.**

APPLICANT INFORMATION
(Attach additional pages as necessary)

Name (Last/First/Middle): WOMACK RODNEY JEROME

Date of Birth: APRIL 22, 1963     Social Security Number: 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

Residence Address: CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY - AT CORCORAN STATE PRISON

Mailing Address (if different): P.O. BOX 7100 - CORCORAN CA, 93212

Home/Cell Phone: N/A     Work Phone: N/A     Email: N/A

1. Conviction Summary (*Note: The Governor's Office will review a complete copy of your criminal history report.*)

| List conviction(s) for which you are requesting a pardon. | | | |
|---|---|---|---|
| Crime(s): | Date(s) of conviction: | County of conviction(s): | Sentence(s): |
| ROBBERY | 1982 | ALAMEDA | LIFE |
| ROBBERY | 1982 | ALAMEDA | LIFE |
| | | | |
| | | | |
| | | | |
| | | | |

Were you under 26 years of age at the time of the crime(s) for which you are seeking a pardon? ☐YES ☑NO

| List all prior conviction(s) in California, any other state or country, or in federal court: | | | |
|---|---|---|---|
| Crime(s): | Date(s) of conviction: | Location of conviction(s): | Sentence(s): |
| UNDER MY CURRENT CIRCUMSTANCES IRRELAVENT. I HAVE NEVER BEEN CONVICTED OF A VIOLENT CRIME SINCE MY TWO 1982 INVALID PRIORS. HISTORICALLY, I HAVE NON-VIOLENT PRIORS SINCE 1982. | | | |

Rev. 2019
Application for Gubernatorial Pardon, Page 1 of 2

2. Describe the circumstances of your crime(s).

MY CRIMES ARE UNCONSTITUTIONAL. MY CRIME IS HAVING TWO 1982 PRIOR ROBBERY CONVICTIONS THAT ARE INVALID, THAT WERE USED AS TWO STRIKES AGAINST ME. STRIKES THAT CAUSED ME TO SPEND THE REST OF MY LIFE IN PRISON.

3. Describe how a pardon may impact your life (e.g., immigration consequences, employment opportunities, impact on family members, civic participation).

MY FAMILY HAS BEEN DEVISTATED KNOWING THAT I SHOULD NOT BE IN PRISON BECAUSE I DID NOT HAVE COUNSEL IN CONNECTION WITH MY 1982 PRIOR ROBBERY CONVICTIONS.

4. Describe your life since your conviction (e.g., efforts in self-development, including identifying and addressing treatment needs, professional and educational achievement; any set-backs, arrests, and new convictions; insight about past conduct; and future goals).

I AM 58 YEARS OLD. I WOULD LIKE TO SPEND THE REST OF MY LIFE WITH MY DAUGHTER AND GRAND DAUGHTER. ALSO FAMILY MEMBERS. I HAVE NEVER BEEN CONVICTED OF A VIOLENT CRIME SINCE MY TWO 1982 ROBBERY CONVICTIONS.

5. If you have paid any money or given any gift to anyone to assist you in preparing this application, you are required by law to list their name, address, phone number, email address, the nature of your relationship, and amount paid or gift given.

N/A

**APPLICANT DECLARATION**
Complete the following statement after you have served your Notice of Intent to Apply for Clemency.

I, RODNEY JEROME WOMACK, declare under penalty of perjury under the laws of the State of
(Print Applicant Full Name)

California that the information I have provided on this application is true and correct. I further declare that I have served (mailed or delivered) my notice of intent to apply for clemency on the District Attorney of the County of _____.
(Name of County or Counties)

Rodney Womack                    JANUARY 11, 2021
Applicant Signature              Date

Submit this completed 2-page form to the **Office of the Governor, State Capitol, Attn: Legal Affairs/Clemency, Sacramento, CA 95814**. You may, but are not required to, include copies of relevant documents that support your application (e.g., certificates of achievement, photographs, letters of support, etc.). Do not send original documents, as application documents cannot be returned. Please update the Governor's Office promptly if your contact information changes. Submit a completed Notice of Intent to Apply for Clemency to the district attorney in the county of your convictions for which you are seeking a pardon.

Rev. 2019
Application for Gubernatorial Pardon, Page 2 of 2

# EXHIBIT COVER PAGE 

**EXHIBIT**

Description of exhibit: PLAINTIFF'S DECLARATION

Number of pages to this exhibit: 2 Pages.

**JURISDICTION:**

☐ MUNICIPAL COURT
☐ SUPERIOR COURT
☐ APPELLATE COURT
☐ STATE SUPREME COURT
☑ UNITED STATES DISTRICT COURT
☐ UNITED STATES SUPREME COURT
☐ GRAND JURY
☐ OTHER:

RODNEY JEROME WOMACK
V-72109

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RODNEY JEROME WOMACK | CASE NO. |
| PLAINTIFF | |
| | "PLAINTIFF'S DECLARATION" |
| V. | |
| | |
| | |
| DEFENDANT | |

PLAINTIFF, RODNEY WOMACK DECLARER, FILED THIS PRO Se CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983.

I, PLAINTIFF RODNEY WOMACK DECLARE TO THE FOLLOWING DECLARATIONS:

I, PLAINTIFF RODNEY WOMACK DO DECLARE,

ON JUNE 21, 1982, IN ALAMEDA COUNTY SUPERIOR COURT, CITY OF OAKLAND, STATE OF CALIFORNIA (CASE NO. 74280), PLAINTIFF WAS SENT TO STATE PRISON FOR A TERM OF THREE YEARS. HE WAS SENT TO PRISON FOR TWO COUNTS OF ROBBERY.

1). I DECLARE THAT I WAS AN INDIGENT CRIMINAL DEFENDANT IN CONNECTION TO ABOVE TWO ROBBERYS.

2). I DECLARE THE STATE OF CALIFORNIA DID NOT APPOINT ME COUNSEL TO REPRESENT ME IN CONNECTION WITH ABOVE TWO ROBBERYS.

I, PLAINTIFF RODNEY WOMACK DECLARER DECLARE UNDER PENALTY OF PERJURY THAT THE AFOREGOING IS TRUE AND CORRECT.

DATED: JANUARY 11, 2021

*Rodney Womack*
RODNEY WOMACK
DECLARER

# EXHIBIT COVER PAGE



**EXHIBIT**

Description of exhibit: CASELAW

Number of pages to this exhibit: 1 Pages.

**JURISDICTION:**

- ☐ MUNICIPAL COURT
- ☐ SUPERIOR COURT
- ☐ APPELLATE COURT
- ☐ STATE SUPREME COURT
- ☑ UNITED STATES DISTRICT COURT
- ☐ UNITED STATES SUPREME COURT
- ☐ GRAND JURY
- ☐ OTHER:

Ineffective assistance of counsel, or bad lawyering, constitutes a violation of a criminal defendant's Sixth Amendment right to counsel. In too many cases defendants retain or are burdened with attorneys who lack the time, experience, or professional responsibility to zealously represent their clients. The resulting representation may include failures to investigate an alibi defense, investigate prosecution witnesses, enlist experts to challenge the prosecution's physical evidence, or even attend or stay awake for hearings. In addition, some attorneys accept cases for which they are not qualified and are thus unable to properly represent a defendant. Bad lawyering results in an unlevel playing field for the defendant and, all too often, wrongful conviction.

The problems are magnified in counties where defense counsel is allotted less money than the prosecution. This inequality gives the prosecution the resources to properly try a case but denies those same resources to the defense.

In Gideon v. Wainwright (1963), the U.S. Supreme Court held that states are required to provide counsel to all indigent criminal defendants under the Sixth Amendment's Assistance of Counsel clause. In most counties this means a public defender's office has been established for representation of poor people. In other counties a different scheme has been created for attorneys to accept cases on a fixed hourly fee or contract rate. Contrary to popular belief, retained attorneys, not just public defenders, have been found to provide ineffective assistance of counsel.

Not all instances of poor attorney performance entitle an inmate to relief. Strickland v. Washington (1984) states a defendant must meet two tests in order to prove counsel's representation violated their Sixth Amendment right to counsel:
1) Counsel's performance was deficient; and
2) Had it not been for counsel's deficient performance, the result of the trial or sentencing would have been different.

An inmate who represents himself is not entitled to claim ineffective assistance of counsel on appeal.

In recent developments, the United States Supreme Court, in Missouri v. Frye (2012), held the Sixth Amendment right to effective assistance of counsel applies to the consideration of plea offers that lapse or are rejected. In addition, the Court held in Lafler v. Cooper (2012) that where counsel's ineffective advice led to an offer's rejection, and where the prejudice alleged is having to stand trial, a defendant must show three things: (1) but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court; (2) the court would have accepted its terms, and (3) the conviction or sentence, or both, under the offer's terms would have been less severe than under the actual judgment and sentence imposed.

Reversing a conviction based on ineffective assistance of counsel can be difficult. An Innocence Project study of the first 255 DNA exonerations showed that 81% of those cases had ineffective assistance claims denied by the courts. However, the Daniel Larsen case does provide hope. Larsen was convicted of possessing an knife in a parking lot outside a bar. Under the Three Strikes sentencing, Larsen received a 28-years-to-life sentence. CIP discovered two witnesses who said that Larsen did not possess the knife. Before trial, Larsen's defense counsel was told about these witnesses but never took any steps to find or interview these witnesses. A federal judge determined that this failure to investigate was ineffective assistance of counsel.

In other wrongful conviction cases, examples of ineffective assistance of counsel have included failing to interview alibi witnesses at the defendant's workplace, deciding not to conduct DNA testing on evidence, and not reporting a conflict of interest.

# EXHIBIT COVER PAGE  C



**EXHIBIT**

Description of exhibit: CASELAW

Number of pages to this exhibit: 1 Pages.

**JURISDICTION:**

- ☐ MUNICIPAL COURT
- ☐ SUPERIOR COURT
- ☐ APPELLATE COURT
- ☐ STATE SUPREME COURT
- ☑ UNITED STATES DISTRICT COURT
- ☐ UNITED STATES SUPREME COURT
- ☐ GRAND JURY
- ☐ OTHER:

what sentence to impose.

### Criminal Law § 69 - sentence - inquiry

2. Before determining what sentence to impose, a trial judge in the federal judicial system may appropriately conduct an inquiry broad in scope and largely unlimited either as to the kind of information he may consider or the source from which it may come.

### Appeal and Error § 1379 - sentence - review

3. A sentence imposed by a Federal District Judge, if within statutory limits, is generally not subject to review.

### Criminal Law § 46.5 - right to counsel - retroactivity

4. The rule of Gideon v Wainwright (1963) 372 US 335, 9 L Ed 2d 799, 63 S Ct 792, 93 ALR2d 733, that the Sixth Amendment right to counsel in criminal prosecutions is obligatory on the states by the Fourteenth Amendment, is fully retroactive.

### Criminal Law § 70 - sentence - consideration of invalid convictions

5. A convicted criminal defendant is entitled to be resentenced where the trial judge, in determining what sentence to impose on him, gave explicit <*pg. 594> attention to two previous felony convictions which were constitutionally invalid because he then was unrepresented by counsel, was not advised of his right to counsel, and did not intelligently waive his right to counsel.

### Criminal Law § 46.3 - right to counsel

6. It is unconstitutional to try a person for a felony in a state court unless he has a lawyer or has validly waived one.

### SYLLABUS

In imposing sentence upon a defendant convicted of bank robbery, a federal district judge gave explicit consideration to the defendants' record of <u>previous convictions</u>. It was later conclusively determined that two of the <u>previous convictions</u> were constitutionally invalid, having been obtained in violation of Gideon v Wainwright, 372 US 335, 9 L Ed 2d 799, 83 S Ct 792, 93 ALR2d 733.

### Held:

Under these circumstances the Court of Appeals was correct in remanding the case to the District

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.