UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>    Plaintiff,<br><br>       v.<br><br>GAVIN NEWSOM,<br><br>    Defendant. | Case No. 21-cv-00711-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 1 |

Rodney Womack, an inmate at the Corcoran State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 relating to a state court conviction and sentence. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

In 1982, Womack was convicted in Alameda County Superior Court of two counts of robbery and was sentenced to a three-year prison term. In 2005, Womack was convicted in Contra Costa County Superior Court of robbery and was found to have suffered the 1982 conviction. He was sentenced under the Three Strikes Law to 35 years to life in prison for the 2005 conviction based in part on having suffered the 1982 conviction. Womack's 2005 conviction was affirmed on direct appeal.

Thereafter, he filed several federal court cases attempting to challenge the 2005 conviction and sentence and the 1982 conviction that was used for sentence enhancement purposes in the 2005 case. The civil rights complaint filed to commence this action is the latest effort to attack his conviction and sentence. To understand the disposition of the present civil rights complaint, it is helpful to recount Womack's earlier federal court challenges.

<u>2008 Habeas Action</u>: Womack filed a federal habeas petition in 2008 to challenge the 2005 conviction, *Womack v. Virga*, Case No. 08-3594 MMC. That petition was denied on the merits. *See* Case No. 08-3594 MMC, Docket No. 20. One of the claims rejected by the court was a claim that appellate counsel was ineffective in failing to challenge the use of the 1982 conviction for sentence enhancement purposes on the 2005 conviction. *Id.* at 16. The district court and the Ninth Circuit denied a certificate of appealability. Womack filed a petition for writ of certiorari in the U.S. Supreme Court that was unsuccessful. *See* Case No. 08-3594, Docket No. 34.

<u>2018 Habeas Action</u>: Several years later, Womack filed another federal habeas petition, *Womack v. Warden*, Case No. 18-cv-1636 BLF. That petition was dismissed as an unauthorized second or successive petition challenging the 2005 conviction. *See* Case No. 18-cv-1636 BLF, Docket No. 19. The court rejected Womack's argument that his petition was a challenge to the 1982 conviction rather than a second or successive petition challenging the 2005 conviction; the district court concluded that the petition was a challenge to the 2005 conviction that had a longer sentence because of the 1982 conviction. *See id.* The district court and the Ninth Circuit denied a certificate of appealability. Womack filed an unsuccessful petition for writ of certiorari in the U.S. Supreme Court. *See* Case No. 18-cv-1636 BLF, Docket Nos. 25, 26.

<u>2020 Civil Rights Action</u>: Womack filed a civil rights complaint against the five federal judges who had ruled against him in the 2018 habeas action (i.e., the district judge who dismissed the petition, the two Ninth Circuit judges who denied a certificate of appealability, and the two Ninth Circuit judges who denied a motion for reconsideration) as well as the California Governor, *Womack v. Newsome*, Case No. 20-cv-4003 SI. In that civil rights complaint, Womack alleged that the judges refused to hold a "due process hearing . . . to determine if [Womack's] Sixth Amendment right to counsel was violated in connection with the two 1982 prior robbery convictions" and that the Governor "should be held civilly liable because he's responsible for the judges who violated plaintiff's right to a counsel hearing." *See* Case No. 20-cv-4003 SI, Docket No. 1 at 6, 9. The court dismissed the action on the grounds that the judges had absolute judicial immunity and the Governor played no part in the federal judicial decision-making process. *See* Case No. 20-cv-4003 SI, Docket No. 6. Womack did not appeal from that dismissal.

2

The Present Civil Rights Action: In his present civil rights complaint, Womack alleges that the failure to appoint counsel in the 1982 conviction violated his Sixth Amendment right to counsel and that the federal courts refused in 2018 and later to decide whether he was represented by counsel for the 1982 conviction. Docket No. 1 at 3-5. He contends that Governor Newsom is liable because he did nothing after Womack mailed to Newsom a copy of a petition for writ of certiorari that put Newsom on notice of the failure to appoint counsel in the 1982 conviction and the underlying systemic racism. *Id.* at 5. In his prayer for relief, he requests that a jury decide whether the State failed to appoint counsel for him in the 1982 conviction and whether the failure to appoint counsel in 1982 resulted from systemic racism. *Id.* at 3.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v.* Pacifica *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Once a federal petition for writ of habeas corpus is decided against the petitioner and efforts to appeal that decision fail, a state prisoner has basically reached the end of the line in terms of his ability to obtain federal relief from his state court

3

conviction and sentence.[1]

The only method by which Womack could challenge in federal court the lawfulness of his state court conviction and sentence was by filing a petition for writ of habeas corpus. He did so in the 2008 habeas action. Having failed to obtain habeas relief, he is not free to then turn to a civil rights action under 42 U.S.C. § 1983 as an alternative route to relief from his conviction and sentence, nor can he use a civil rights action as a de facto appeal from the denial of habeas relief.

The civil rights complaint seeks habeas relief and comes within the scope of habeas, even though Womack has attempted to frame it as a challenge to decisions other than the conviction itself. Although he has cast his claim as one about decisions made in the 2018 habeas action in which he asserted constitutional violations and about the Governor currently ignoring constitutional violations, those constitutional violations allegedly occurred in the 1982 conviction. The heart of Womack's civil rights complaint is that his 1982 conviction is invalid (and therefore could not be used for sentence enhancement purposes on the 2005 conviction) because he was not represented by counsel for the 1982 conviction. If Womack succeeded in a claim that the 1982 conviction could not be used to enhance the sentence on the 2005 conviction, he would be entitled to speedier release. Such a claim can only be pursued in habeas because habeas is the "exclusive remedy" for a claim such as this one that would result in the "immediate or speedier release" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

Moreover, the *Heck* rule bars Womack from bringing a civil rights action for alleged constitutional violations in connection with his conviction and sentence as long as the conviction and sentence remains in place. *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being

---

[1] A petitioner whose first petition for writ of habeas corpus has been denied can file a second or successive petition for writ of habeas corpus if he receives permission to do so from the U.S. Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. §2244. That option was explained to Womack in the order dismissing Case No. 18-cv-1636 BLF. He has yet to obtain such permission.

set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action; the conviction must have been successfully attacked *before* the civil rights action is filed. The *Heck* rule was first announced with respect to an action for damages, but has since been applied to actions that sought declaratory and injunctive relief. If success in the civil rights action would "necessarily demonstrate the invalidity of confinement or its duration,' the civil rights action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). The *Heck* rule applies here because success on Womack's complaint would depend on a finding that he was denied counsel for the 1982 conviction; such a finding would call into question Womack's 2005 conviction and sentence that was enhanced due to the 1982 conviction. *Heck* thus bars his civil rights complaint.

The *Heck* bar is not surmounted by the fact that Womack's prayer for relief requests that a jury decide whether the State failed to appoint counsel for the 1982 conviction and whether such failure was race-based. A jury trial is a means to an end, not the end itself. If a jury trial was appropriate (which it is not) and Womack prevailed at such a jury trial (by showing a failure to appoint counsel for him for the 1982 conviction), the result would call into question the validity of his 2005 conviction and sentence as enhanced due to the 1982 conviction. *Heck* bars the complaint.

This case also cannot go forward as some sort of appeal from the dismissal of the 2018 habeas action. This court does not have appellate jurisdiction over other district courts or over the Ninth Circuit. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1392-93 & n.19 (9th Cir. 1987). In other words, this court has no authority to decide whether the district court and Ninth Circuit were correct in their rulings on Womack's 2018 habeas petition.

Not only is the civil rights complaint legally meritless for the various reasons discussed above, the factual basis for his complaint appears to be false. Womack's present civil rights complaint hinges on his assertion that he did not have counsel for the 1982 conviction -- for there would be no nonfrivolous reason to make any of his claims if he did have counsel for the 1982

conviction.[2]  The problem for Womack is that his filings in earlier cases show that he did have counsel for the 1982 conviction.  Womack indicated in his 2008 habeas petition that he *had* been represented by counsel in the case that led to the 1982 convictions.[3]  Specifically, Womack made these three statements showing that he had counsel in the 1982 case:  (1) in discussing the 1982 plea agreement, Womack alleged that the Alameda County "sentencing court ruled that the sentencing Transcript's of the Plea Bargain Agreement will be sealed, never to be unsealed.  The Court further ruled that Petitioner *and Petitioner[s'] Attorney of record 'John Bush'* both will not be required to personally sign their signatures" on the form (Case No. 08-3594 MMC, Docket No. 1 at 8 (emphasis added; errors in source)); (2) Womack faulted appellate counsel for not making an argument "because there was no sentencing Transcripts or Plea Bargain Agreement Form signed by Petitioner *or Petitioner's Attorney of Record* for the Alameda County Superior Court June 21st, 1982 Robberies anywhere in Court Records") (*id.* at 9 (emphasis added)); and (3) Womack argued in his traverse that his "*counsel of record 'George Bush'* never signed no plea bargain agreement forms advising petitioner of his constitutional rights" (Case No. 08-3594 MMC, Docket No. 15 at 52).  A few years later, in his 2018 habeas petition, Womack took the position that he was not represented by counsel for the 1982 robbery convictions, relying in part on the fact that the "waiver on plea of guilty" form filed in the 1982 case was not signed by defense counsel.  *See* Case No. 18-cv-1636 BLF at Docket No 1 at 11-12.  But the form itself provided evidence that Womack was represented

---

[2] Interestingly and perhaps not coincidentally, a claim of denial of counsel in the 1982 conviction is the only sort of claim Womack could make regarding the 1982 conviction – but he would have to make it in a federal habeas petition rather than a civil rights complaint.  The general rule is that, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citation omitted).  The only exception to this rule is that a petitioner may challenge a prior conviction on the ground that there was a failure to appoint counsel in that case in violation of the Sixth Amendment.  *Coss*, 532 U.S. at 404.

[3] One of the claims asserted in Womack's 2008 habeas action was that appellate counsel in the appeal from the 2005 conviction was ineffective in not challenging the 1982 conviction on the ground that the plea agreement promised that the 1982 convictions would not be used for any future priors or enhancement purposes.

6

by counsel. The form required the criminal defendant personally to initial various boxes to show that he was aware of certain advisements and information; Womack initialed boxes representing that he had talked to his attorney about the plea. *See id.* at 11 (items 8 and 10). Regardless whether Womack's present assertion that he did not have counsel for the 1982 conviction is an innocent misrecollection or purposeful misstatement, the fact remains that the records in the earlier cases show that he had counsel for the 1982 conviction.

## CONCLUSION

This action is dismissed because the complaint fails to state a claim upon which relief may be granted. Leave to amend is not granted because it would be futile: a prisoner cannot pursue a claim in a civil rights action that calls into question a still-valid conviction and sentence. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 11, 2021

SUSAN ILLSTON
United States District Judge